# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA D.,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 22-cv-00695-DMS-MSB<br><br>**ORDER GRANTING JOINT MOTION FOR ATTORNEY FEES AND COSTS** |

Pending before the Court is the Parties' joint motion to award attorney fees and costs to Plaintiff. (ECF No. 22.) In this case, Plaintiff sought judicial review of the Commissioner of Social Security's adverse determination of Plaintiff's application for disability insurance benefits and supplemental security income. Plaintiff prevailed and this Court reversed the Commissioner's determination and remanded the matter back to the agency for further action. Through this joint motion, Plaintiff seeks $7,500.00 in attorney fees and costs, which reflects a compromise between Plaintiff and the Commissioner.

The Equal Access to Justice Act ("EAJA") allows a party prevailing in certain types of civil litigation against the United States, including judicial review of an agency action, to recover reasonable attorney fees and costs. The statute provides as follows:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction

of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412 (d)(1)(A). Attorney fees awarded under EAJA must be reasonable. *See id.* § 2412(d)(2)(A) (explaining that a court may award "reasonable attorney fees" under § 2412 (d)(1)(A)). A district court "always retain[s] substantial discretion in fixing the amount of an EAJA award." *Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990). "In determining whether a fee is reasonable, the Court considers, among other things, the hours expended, the reasonable hourly rate, and the results obtained." *Tran v. Kijakazi*, No. 17-CV-02521-DMS-BLM, 2022 WL 17972160 (S.D. Cal. Aug. 19, 2022). A party seeking an award of fees and expenses must file an application "within thirty days of final judgment in the action." 28 U.S.C. § 2412 (d)(1)(B).

Here, the Commissioner neither contests that Plaintiff was the prevailing party nor argues that the Commissioner's position was "substantially justified" or that special circumstances make an award unjust. Further, the parties filed this joint motion for fees on September 18, 2023, within thirty days of final judgment entered on September 8, 2023. Plaintiff's counsel submits a timesheet documenting 34.0 hours of work in the years 2022–23, at a rate of $234.95–$242.78 per hour, for a total of $8,029.01. In lieu of this total, the parties stipulate to a slightly lower award of $7,500.00. For the reasons explained in the joint motion, the Court agrees that the award sought is reasonable.

Accordingly, the Court **GRANTS** the parties' joint motion for attorney fees and costs. The Court awards $7,500.00 in attorney fees and costs to Plaintiff. This award is subject to offset to satisfy any preexisting debt that Plaintiff owes the United States.

**IT IS SO ORDERED**.

Dated: September 19, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court